# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DONALD R. HOLUB
    Plaintiff,

 v.              Case No. 04-C-1026

JEFFREY J. KNAUF, NEMCO
MANUFACTURING, INC., E & R MACHINE
PRODUCTS, INC., MP ONE, LLC, MEDALIST
LASERFAB INC., MARK SPINDLER, KELLY
CROWE, M & I BANK, SUNSET BANK, F & M
BANK, KOMISAR & SPINDLER, S.C., 2840
BRADLEY, LLP, CHIPPEWA MANUFACTURING,
LLC,
    Defendants.

## DECISION AND ORDER

On October 20, 2004, pro se plaintiff Donald R. Holub lodged a complaint with this court and requested leave to proceed in forma pauperis. I granted plaintiff's request to proceed in forma pauperis on December 12, 2004. In his complaint, plaintiff names thirteen defendants and alleges twenty-nine causes of action against them, all of which appear to arise out of a series of transactions involving plaintiff and a business he used to own. On January 7, 2005, defendant M & I Bank filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). Initially, plaintiff did not respond to M & I Bank's motion, but did so after I advised him that failure to respond would result in dismissal of his case for failure to prosecute. After plaintiff responded to M & I Bank's motion, the remaining defendants filed motions of their own. Defendant E & R Machine Products filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). The remaining

defendants filed motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), or in the alternative, motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Defendant F & M Bank has also filed a motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e). However, the only motion to which plaintiff has responded is M & I Bank's. This decision and order addresses the pending motions.

## I. DISCUSSION

Essentially, all of the defendants argue that plaintiff's complaint fails to state a claim upon which relief can be granted. However, several of the defendants have also argued that plaintiff's failure to state a claim deprives me of subject matter jurisdiction over the case. Specifically, the defendants challenging subject matter jurisdiction argue that the only basis for federal subject matter jurisdiction is federal question jurisdiction, see 28 U.S.C. § 1331,[1] and that although plaintiff has tried to state a claim under federal law, he has not done so.

Generally, however, "the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction." Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 89 (1998). Instead, where a party frames his or her complaint "to seek recovery directly under the Constitution or laws of the Untied States, the federal court, but for two possible exceptions . . . , must entertain the suit." Bell v. Hood, 327 U.S. 678, 681-82 (1946). The two exceptions provide that a complaint asserting a potential federal claim must be dismissed for lack of subject matter jurisdiction where the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction

---

[1]I lack diversity jurisdiction over the present case because the parties are not completely diverse. See 28 U.S.C. § 1332.

2

or where such claim is wholly insubstantial and frivolous." Id. at 682-83; see also Steel Co., 523 U.S. at 89; Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc., 212 F.3d 1031, 1038 (7th Cir. 2000) (noting that there is a gulf between federal claims that are "deficient" and those that are "too feeble to invoke federal jurisdiction"). In the present case, I have no reason to think that plaintiff has asserted "immaterial" federal claims "solely for the purpose of obtaining jurisdiction." Thus, I lack subject matter jurisdiction over this case only if plaintiff's purported federal claims are "wholly insubstantial and frivolous," that is, only if plaintiff has failed to state an arguable federal claim.

To determine whether plaintiff has stated an arguable federal claim, I must first determine what federal claims he has attempted to state. Because plaintiffs are not required to plead legal theories, see, e.g., Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1077-78 (7th Cir. 1992), and because courts should not hold pro se plaintiffs to incorrect legal theories that they may have pleaded, Small v. Chao, 398 F.3d 894, 898 (7th Cir. 2005), the question presented is whether it is possible to hypothesize any set of facts consistent with the complaint that would arguably give plaintiff a right to relief under federal law, see id.; Walker v. Thompson, 288 F.3d 1005, 1008 (7th Cir. 2002).

Although plaintiff was not required to plead any legal theories, he has listed twenty-nine purported legal theories in the first section of his complaint. Most of these theories are either theories of criminal liability (such as bank fraud, insurance fraud and money laundering), theories of civil liability that arise wholly under state law (such as breach of contract, defamation and intentional infliction of emotional distress), or involve federal statutes that do not create private causes of action (such as the U.S.A. Patriot Act). The only legal theory listed by plaintiff that could even possibly provide a basis for federal

3

question jurisdiction in the present case involves the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968. RICO creates a civil cause of action for persons whose business or property has been injured by organized, long-term criminal activity. See 18 U.S.C. § 1964(c); Midwest Grinding Co., Inc. v. Spitz, 976 F.2d 1016, 1019 (7th Cir. 1992). The elements of a RICO violation are (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. Midwest Grinding, 976 F.2d at 1019. A pattern of racketeering activity consists of at least two predicate acts of racketeering committed within a ten-year period. Id. Predicate acts are acts indictable under a list of criminal laws enumerated in 18 U.S.C. § 1961(1). Id.

In the present case, plaintiff's list of twenty-nine legal theories includes violations of criminal laws that constitute predicate acts under RICO, including extortion, bank fraud, obstruction of justice, witness tampering, racketeering and money laundering. However, the section of plaintiff's complaint containing his factual allegations does not describe any conduct engaged in by any defendant which could be characterized as constituting any of the alleged predicate acts. (See Compl. at 4-6.) And although to state a claim a complaint need not set out all of the applicable law or facts which constitute a cause of action, Elite Erectors, 212 F.3d at 1038, it must at least specify "the bare minimum facts necessary to put the defendant[s] on notice of the claim so that [they] can file an answer," Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002). Further, in the RICO context, "[a] complaint is not sufficient if it does not specify the nature of the predicate acts to a degree that will allow the defendants to comprehend the specific acts to which they are required to answer." Ray v. Karris, 780 F.2d 636, 645 (7th Cir. 1985); see also Jennings v. Emry, 910 F.2d 1434, 1438 (7th Cir. 1990) (stating that "in pleading predicate acts[,] conclusory allegations that

4

various statutory provisions have been breached are of no consequence if unsupported by factual allegations"). Plaintiff's complaint does not contain the necessary minimum factual allegations. It does not allow the defendants to determine what they did that plaintiff believes was extortion, bank fraud, obstruction of justice, witness tampering, racketeering, money laundering or any other predicate act. Thus, plaintiff's complaint does not state an arguable RICO claim. Further, I can conceive of no other federal claim with which the allegations of his complaint are arguably consistent. Accordingly, plaintiff has not demonstrated that I have subject matter jurisdiction over this case.

Although plaintiff's current complaint does not reveal a basis for federal jurisdiction, I will grant him thirty days in which to file an amended complaint and attempt to state an arguable federal claim. However, plaintiff should carefully consider what legal theory or theories he seeks to advance against each defendant before drafting his amended complaint. Although a complaint need not identify a legal theory, "[a] drafter who lacks a legal theory is likely to bungle the complaint (and the trial); you need a legal theory to decide which facts to allege and prove." Bartholet, 953 F.2d at 1078. In this regard, the court strongly suggests that plaintiff attempt to find a lawyer. Although plaintiff is indigent and likely could not afford to pay an attorney, plaintiff's suit seeks damages, and if the suit has merit plaintiff may be able to find a lawyer willing to take the case on a contingent basis. See Farmer v. Haas, 990 F.2d 319, 321 (7th Cir. 1993).

## II. CONCLUSION

For the reasons stated, I conclude that based on the allegations of plaintiff's complaint, I do not have subject matter jurisdiction over the present action. However, if plaintiff desires to file an amended complaint, he may do so within thirty days of the date

5

of this order. If plaintiff chooses to file an amended complaint, such complaint must comply with Civil Local Rule 15.1 (E.D. Wis.), which provides that an amended complaint must be complete and may not incorporate any prior pleading by reference. In addition to being filed with this court, any amended complaint must also be served on counsel for defendants pursuant to Fed. R. Civ. P. 5. If plaintiff files and serves an amended complaint, defendants' responses to the complaint must be filed and served within thirty days of the date on which such complaint is served. If plaintiff does not file and serve an amended complaint within thirty days of the date of this order, this case will be dismissed without prejudice.

**THEREFORE, IT IS ORDERED** that plaintiff's complaint is **DISMISSED** and that all of defendants' pending motions are **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint within **THIRTY DAYS** of the date of this order. Defendants' responses to any amended complaint must be filed and served within **THIRTY DAYS** of the date on which the amended complaint is served.

**FINALLY, IT IS ORDERED** that if plaintiff does not file an amended complaint within thirty days of the date of this order, this action will be dismissed without prejudice.

Dated at Milwaukee, Wisconsin, this 27 day of May, 2005.

/s_____
LYNN ADELMAN
District Judge

6

Case 2:04-cv-01026-LA   Filed 05/27/05   Page 6 of 6   Document 44